```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

| | | |
|---|---|---|
| LEROY C. LANGSTON | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| MICHAEL J. ASTRUE | : | NO. 08-cv-0516-JF |

MEMORANDUM

Fullam, Sr. J.                                September 9, 2009

    Plaintiff seeks Disability Benefits for the time-period from February 1, 2003 to March 31, 2007. He alleges that his disability stems from knee problems and mental impairments including depression, affective disorders, and substance addictions. An ALJ denied benefits, finding that Plaintiff was not disabled because his knee-issues did not prevent him from engaging in gainful work, and because his alleged mental impairments were not severe. Plaintiff sought review of this denial, and Magistrate Judge Rapoport prepared a Report and Recommendation suggesting that I affirm the ALJ's decision. Despite Plaintiff's objections, I will adopt the Report and Recommendation for the following reasons.

    Plaintiff first objects to a footnote in the Report and Recommendation that cites now-superseded Social Security Rulings. Those rulings may no longer be in force, but the Magistrate Judge cited them for legal propositions that remain valid. To recover benefits, a claimant must present medical evidence; mere

testimony with respect to symptoms will not suffice.  <u>See</u> SSR 85-28; 20 C.F.R. § 404.1508.  Regardless, the R&R properly identifies the severe-impairment requirement, and it cites controlling Supreme Court precedent for the applicable standard.  The Magistrate's citation to old SSRs does not appear to have improperly affected his analysis or conclusions.

In any event, I readily conclude that substantial evidence supports the ALJ's finding that Plaintiff did not suffer from a severe mental impairment.  Plaintiff testified about his depression and offered some medical evidence of his mental issues.  Most of Plaintiff's evidence, however, does not directly bear on the relevant time-period, nor does it identify a significant vocational impact.  Nevertheless, the ALJ considered this evidence, as well as the reports of two physicians who opined that Plaintiff's mental impairments did not significantly limit his ability to work.  After assessing all of the record evidence, the ALJ reasonably concluded that Plaintiff's mental impairments had only a minimal effect on his ability to work.

Plaintiff submitted additional medical records after his benefits were denied, and he objects to the Magistrate Judge's decision that this evidence does not warrant a remand to the ALJ.  Substantial discussion of this issue is unnecessary.  I agree with the Magistrate's analysis and conclusion; the additional evidence is not material so as to justify a remand.

In short, I will adopt the Magistrate's Report and Recommendation.  An appropriate order will be entered.


BY THE COURT:


/s/ John P. Fullam
John P. Fullam, Sr. J.